UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE RIVAS-HERNANDEZ,              ) | |
|                                                            ) | |
|                     Petitioner,             ) | |
|                                                            ) | Case No. 1:14-cv-00898-LJM-TAB |
|       vs.                                             ) | |
|                                                            ) | |
| UNITED STATES OF AMERICA,    ) | |
|                                                            ) | |
|                     Respondent.          ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Jose Rivas-Hernandez ("Rivas") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Rivas was charged on March 9, 2010, with unlawful re-entry into the United States after having been deported subsequent to a conviction for an aggravated felony.

On January 29, 2013, Rivas filed a Petition to Enter a Plea of Guilty. In his guilty plea petition, Rivas noted that he had "a very limited ability to read, speak or understand the English language" and was being assisted by a Spanish interpreter. Rivas-Hernandez represented to the Court that he had received a copy of the Indictment, read and discussed it with his attorney, and was advised of the charges and possible punishment. Rivas further declared that he was offering his plea freely and voluntarily and of his own accord.

On that same date, the parties filed a written Plea Agreement pursuant to 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*. The Plea Agreement provided that Rivas would plead guilty as charged to Count One of the Indictment. The Agreement further provided that Rivas- understood that the final determination of his sentence, including the advisory sentencing guideline range, would be made by the Court. Rivas acknowledged that if the Court decided to impose a sentence higher or lower than any recommendation of either party, or determined a different advisory sentencing guideline range, then he would not be permitted to withdraw his plea of guilty. In exchange for the concessions made by the United States in the Plea Agreement, Rivas "expressly waive[d] his right to appeal on any ground his conviction. . . . [and] also waive[d] the right to contest the sentence imposed and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255, so long as he [was] sentenced within the range set forth by an offense level 21 and whatever criminal history the Court determine[d]."

The Court conducted a change of plea hearing on February 14, 2013, with the assistance of a court-certified Spanish interpreter. At that hearing, the Court inquired of Rivas if he understood the terms of the Plea Agreement and whether his plea was entered freely and voluntarily. Rivas acknowledged that he understood he was waiving his right to appeal and that "no threats, promises or representations [had] been made, nor agreements reached, other than those set forth in [the Plea Agreement] to induce [him] to plead guilty." Rivas also acknowledged that he understood he would be removed from the United States upon completion of his sentence, as set out in his Plea Agreement.

*United States v. Rivas-Hernandez*, 1:10-cr-37-LJM-DML-1, Dkt 51 "Plea Hearing Tr." at 12). The Court determined that Rivas-Hernandez was "fully competent and capable of entering an informed plea, that he's aware of the nature of the charges and the consequences of the plea and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." *Id.* at 16. The Court accepted his plea and adjudged him guilty as charged.

## II. Discussion

Rivas now seeks relief pursuant to 28 U.S.C. § 2255. A motion pursuant to § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Specifically, Rivas claims his attorney was ineffective for (1) failing to file a notice of appeal, allowing the Plea Agreement to contain a waiver of appeal, and for not explaining the consequences of an appeal waiver; (2) failing to explain the rights he was forfeiting by pleading guilty; and (3) failing to request the Court sentence him pursuant to the Department of Justice's Early Disposition or Fast-Track Programs. The United States responds, arguing that Rivas waived his right to seek relief pursuant to § 2255 and that his counsel was not ineffective.

### A. *Waiver of Post-Conviction Relief*

In response to Rivas's petition for relief, the United States first argues that that Rivas waived his right to challenge his conviction and sentence. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).

Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted).

The United States has shown that Rivas's waiver of his appellate rights must be enforced in every respect except for his argument that his counsel was ineffective in the negotiation of the plea agreement. First, Rivas has failed to show that his Plea Agreement was not knowing or voluntary. In fact, Rivas testified at the Guilty Plea Hearing that his plea was knowing and voluntary:

> THE COURT: All right. Are you fully satisfied with the counsel, representation and advice given to you in this case by your attorney, Ms. Robinson?
>
> THE DEFENDANT: Yes, sir.

Plea Hearing Tr. 5.

> THE COURT: On page 8, sir, it says you've read the entire plea agreement and discussed it with your attorney. I assume you did that with an interpreter. Is that true?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand all the terms of the plea agreement, and do those terms correctly reflect the results of plea negotiations?
>
> THE DEFENDANT: Okay.
>
> THE COURT: Are you freely and voluntarily pleading guilty in this case?
>
> THE DEFENDANT: Yes, sir.

Plea Hearing Tr. 13.

Rivas further has not shown, or even argued, that the Court relied on an impermissible factor or that sentence he received exceeded the statutory maximum. Rivas's arguments that his counsel was ineffective in negotiating the plea are discussed below.

### B. *Ineffective Assistance of Counsel*

Rivas argues that the waiver provisions of his plea agreement are inapplicable to his claims because his counsel was ineffective in the negotiation of the plea agreement. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* Rivas argues that his counsel was ineffective for failing to file a notice of appeal, failing to inform him of the consequences of pleading guilty, and in negotiating the plea agreement and failing to argue for certain sentencing departures.

### 1. *Failure to File Notice of Appeal*

Rivas asserts that his attorney failed to file a timely notice of appeal and did not explain the appellate process to him. But Rivas has not demonstrated that he even directed his counsel to appeal. In addition, as previously explained, because Rivas's plea

5

was voluntary, the waiver of appeal must be enforced. *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008); *United States v. Wenger,* 58 F.3d 280 (7th Cir. 1995). In other words, "[o]nce a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver." *Id.* at 456. At the Guilty Plea Hearing, Rivas expressed his understanding that he was waiving his right to appeal or otherwise challenge his conviction and sentence.

> THE COURT: Paragraph 11 says you understand that you do have a statutory right to appeal the conviction and the sentence imposed and the manner in which the sentence was determined; and acknowledging that right and in exchange for the concessions made by the United States in the plea agreement, you expressly waive your right to appeal on any ground -- appeal your conviction on any ground; and you waive your right to appeal the sentence imposed, including the right to appeal conferred by Title 18 United States Code, Section 3742, as long as the sentence is within the range set forth by an offense level of 21 and whatever criminal history category you have. Do you understand that?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: So if I sentence you within that level 21 and whatever your criminal history is, you waive all these appellate rights. Do you understand that?
>
> THE DEFENDANT: I understand.
>
> THE COURT: Including the rights conferred upon you by Title 28 United States Code, Section 2255. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Plea Hearing Tr. 11-12. In short, in his Plea Agreement, Rivas waived his appellate rights. He has therefore failed to show that his counsel was ineffective for failing to appeal.

      2. *Failure to Explain Plea Waiver*

Rivas next argues that his attorney was ineffective for allowing the plea waiver to become part of his Plea Agreement. He states that the waiver was never fully and thoroughly explained and if it had been explained, he would not have entered into the Plea Agreement. But Rivas testified to the contrary at his plea hearing. He stated at the change of plea hearing that he read the plea agreement with his attorney before he signed it and that he was satisfied his attorney's representation of him. Plea Hearing Tr. 5.

To the extent that Mr. Rivas argues that the plea waiver or the consequences of pleading guilty were never thoroughly explained to him, he testified under oath that he understood the consequences of the plea waiver. Plea Hearing Tr. at 11-12. "[A] defendant is normally bound by the representations he makes to a court during the colloquy." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of persuasion.'" *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001). Rivas has not met that burden here. Accordingly, he is not entitled to relief based on his argument that he was not aware of the consequences of the appeal waiver.

### 3. *Failure to Argue for Sentencing Departures*

Mr. Rivas also argues that his counsel was ineffective because he believes he should have received a lower sentence based on possible downward variances for "cultural assimilation" and under a "Fast-Track" program. But Rivas provides no argument or evidence whatsoever to show that, in sentencing him, this Court would have given him a departure for "cultural assimilation." Similarly, Rivas's undeveloped argument fails to

show that he would have been entitled to a downward departure based on the "Fast-Track" program. One requirement of a "Fast-Track" program is that a defendant promptly plead guilty. *See United States v. Ramirez*, 675 F.3d 634, 641 (7th Cir. 2011), *as amended on denial of reh'g* (Mar. 15, 2012). Here, Rivas did not plead guilty for nearly three years. He has not provided any argument or evidence to show why he delayed so long in pleading guilty or that this delay would not have caused him to be ineligible for a "Fast-Track" departure.

Moreover, when he signed the Plea Agreement, Rivas agreed to submit to whatever sentence the Court imposed. Rivas affirmed his understanding that "if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline rang applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then [he] will be . . . bound by his plea of guilty." Plea Agreement at 2-3. Rivas therefore has not shown that his counsel was ineffective for failure to argue for downward departures based on "cultural assimilation" or a "Fast-Track" program.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Rivas is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:10-cr-37-LJM-DML-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Rivas has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: __May 4, 2016__                    _____
                                                                LARRY J. McKINNEY, JUDGE
                                                                United States District Court
                                                                Southern District of Indiana


Distribution:

Jose Rivas-Hernandez
10877-028
Sheridan FCI
PO Box 5000
Sheridan, OR 5000

All electronically registered counsel

9